UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ALEXIS DUCKETT, et al.

    Plaintiffs,

vs.                                                             Case No. 25-cv-684

THE BOARD OF REGENTS OF
THE UNIVERSITY OF WISCONSIN SYSTEMS
JUSTIN DOHERTY, MARISA MOSELEY

    Defendants.

---

## JOINT RULE 26(f) REPORT

---

Martin Dolan, Noe Joseph Rincon, and Christopher Dodge, counsel for the Plaintiffs, and Anne M. Bensky, counsel for the Defendants, submit the following report and proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):

**I.   Nature of Case**

Plaintiffs are six former University of Wisconsin Women's basketball players who brought claims against the Board of Regents of the University of Wisconsin System, which is an arm of the State, and Marisa Moseley and Justin Doherty, who are both former State employees. Plaintiffs allege violation of their Constitutional and Statutory rights under the First and Fourteenth Amendments, via 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Defendants have moved to dismiss all claims against all Defendants for failure to state a claim, based on qualified immunity, Eleventh Amendment Immunity, and failure to meet

1

pleading requirements. Plaintiffs plan to respond to the motion on or before January 22, 2026, and Defendants plan to submit a reply on or before February 2, 2026.

## II. Related Cases

None at this time.

## III. Statement of the material factual and legal issues to be resolved at trial

If any claims against defendants remain following resolution of the motion to dismiss, the material factual and legal issues to be resolved at trial include:

1. Whether Defendants violated the Plaintiffs' substantive due process rights by allegedly pressuring Plaintiffs to disclose personal and medical information and to authorize the release of medical information, including through required meetings and related conduct.

2. Whether Defendants violated the Plaintiffs' First Amendment rights by allegedly retaliating against Plaintiffs for engaging in protected speech or expressive conduct, including refusing to disclose health and personal information, associating with teammates and family members, and engaging in expressive activity on and off social media.

3. Whether Defendants violated the Plaintiffs' equal protection rights by allegedly intentionally treating Plaintiffs differently from similarly situated individuals because of disability or perceived disability.

4. Whether Defendants violated the Plaintiffs' rights under the ADA and Rehabilitation Acts based on alleged failure to provide reasonable accommodations, allegedly denying Plaintiffs access to or benefits of a

      federally funded program or activity, allegedly discriminating based on disability or perceived disability, or allegedly retaliating against Plaintiffs for engaging in protected activity.

5. Whether Defendant Justin Doherty was personally involved in any constitutional violation, and whether Doherty can be held liable under 42 U.S.C. § 1983 based a failure to prevent theory.

The parties agree that statements contained herein are not to be construed as evidentiary admissions.

## IV.  Amendments to Pleadings

Plaintiffs previously amended the pleadings as of right. Any further amendment to the pleadings will be governed by Fed. R. Civ. P. 15. Plaintiffs do not presently anticipate amending the pleadings prior to disposition of the motion to dismiss. Plaintiffs contend the operative complaint adequately states their claims. Plaintiffs reserve all rights under Rule 15 should amendment later become appropriate.

## V.  Identity of any new parties

Plaintiffs do not currently anticipate adding new parties. Plaintiffs reserve the right to seek leave to add parties consistent with the Federal Rules of Civil Procedure should discovery or the Court's rulings warrant it.

## VI.  Proposed case schedule

The Court's standing order for preliminary pretrial conferences asks the parties to propose a case schedule that includes deadlines for motions to amend the pleadings and to add parties, expert disclosures, dispositive motions, close of

discovery, and trial, including the length of trial. On December 23, 2025, the parties filed a stipulation requesting the court to issue an order staying discovery pending resolution of the motion to dismiss. (Dkt. 13.) On December 29, 2025, the court granted the motion in part, staying discovery until the preliminary pretrial conference date. (Dkt. 14.) The parties propose that the case schedule be tied to the filing of Defendants' Answer following resolution of the motion to dismiss. Defendants are submitting a separate brief regarding the scope of any continued discovery stay. Plaintiffs' position is reflected herein.

The parties propose the following dates:

a. Motions to amend the pleadings and to add parties: 30 days after Answer is filed.

b. Rule 26 (a)(1) disclosures: 30 days after Answer is filed.

c. Expert disclosures: Liability Expert Disclosures due within 120 days of the Answer; Rebuttal Expert Disclosures due within 60 days of service of Liability Expert disclosures; Damages Expert Disclosures due within 120 days before trial; Rebuttal Damages Expert Disclosures due within 90 days before trial.

d. Dispositive motions: Due within 9 months after the Answer is filed.

e. Close of discovery: 6 weeks before trial

f. Trial: 6–7 months after dispositive motion deadline.

g. Estimated length of trial: 2 weeks.

**VII.   Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. Rule 26(f)(3)(A)-(F):

a.  <u>Fed. R. Civ. P. 26(f)(3)(A)</u>.  initial disclosures due 30 days after an Answer is filed.

b.  <u>Fed. R. Civ. P. 26(f)(3)(B)</u>.

<u>Plaintiffs' anticipated subjects of discovery</u>: Discovery relating to Defendants' conduct toward Plaintiffs and other student-athletes, including coaching practices, policies, customs, and decision-making affecting student-athletes' mental health, privacy, disability accommodations, and participation in athletics; communications among Defendants and University personnel regarding Plaintiffs and similarly situated athletes; complaints, reports, investigations, or knowledge of psychological abuse, discrimination, retaliation, or interference with medical or mental health treatment; Defendants' training, supervision, and oversight of coaches; Defendants' responses to reports of abuse, mental health crises, or disability-related needs; and documents and testimony relating to Defendants' intent, motive, knowledge, and deliberate indifference.

Plaintiffs also anticipate discovery concerning damages, including the impact of Defendants' conduct on Plaintiffs' educational opportunities, scholarships, athletic participation, and emotional distress.

<u>Defendants anticipated subjects of discovery</u>: Discovery surrounding factual allegations in the complaint, discovery related to Plaintiffs' medical history and mental health history, including but not limited to treatments, hospitalizations,

5

medications, and therapy, discovery related to medical, mental health, and educational records while attending UW Madison, discovery related to medical, mental health, and educational records after the Plaintiffs left UW Madison. The Defendants' discovery will require HIPAA and FERPA releases from the Plaintiffs, allowing Defendants access to all discoverable medical, mental health, and educational records.

The parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admissions, and depositions of the parties and witnesses. The parties propose the deadline for the completion of discovery be set for 6 weeks before trial.

Plaintiffs and Defendants both reserve their right to object to the scope and relevancy of any discovery requests and to seek appropriate limitations or protective orders consistent with the Federal Rules of Civil Procedure and any other law, including but not limited to FERPA and HIPAA, governing access to records pertaining to individuals who are not parties.

   **c.**  <u>Fed. R. Civ. P. 26(f)(3)(C)</u>.

The parties anticipate the case may involve disclosure or discovery of some electronically stored information ("ESI") and the parties will confer as to the most convenient form or forms in which ESI should be produced at the appropriate time taking into account the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C).  Should any issues regarding electronic discovery arise, the parties will attempt to negotiate a mutually acceptable, cost-efficient solution.

    A. ESI may be found in emails, text messages, instant messages, social media postings messaging applications, and other electronic records maintained by the parties in the ordinary course of business.

    B. Discovery of ESI will generally be limited to the time frame established in the Complaint and Defenses as well as reasonable time frames necessary to discover information related to damages.

    C. The parties will confer regarding reasonable and proportional search methodologies for ESI, which may include the use of keywords or other targeted approaches, depending on the nature of the information sought and the systems in which it is maintained.

    D. ESI will be produced either in native format, or, if native format cannot be readily extracted or reviewed without special software, ESI will be produced electronically in PDF format, via secure file transfer.

    E. The parties reserve their respective rights to seek appropriate limitations, sequencing, or protective orders regarding ESI discovery consistent with the Federal Rules of Civil Procedure.

  **d.** <u>Fed. R. Civ. P. 26(f)(3)(D)</u>.

At this time, the parties do not anticipate any specific issues concerning claims of privilege or work product. The parties acknowledge that discovery may implicate confidential medical, mental health, and educational records, and agree that any such discovery will be governed by the relevance and proportionality requirements of the Federal Rules of Civil Procedure and, where appropriate, subject to protective orders

or other safeguards. Should issues related to privilege arise, the parties will meet and confer in attempt to reach a mutually acceptable solution. The parties request the Court enter an Order dictating that any documents, including ESI, containing privileged information or legal work product (and all copies) that constitute an Inadvertent Disclosure as described in Fed. R. Evid. 502(b) shall be subject to the "claw-back" procedures set forth below. The parties ask the court to Order that the recipient of inadvertently produced information not use the information in any way in the prosecution of the recipient's case; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege on other grounds. The producing party has the burden of proving privilege applies to the information Nothing herein prevents the receiving party from challenging the privilege designation

    **e.** Fed. R. Civ. P. 26(f)(3)(E).

The parties anticipate stipulating that the case may require an excess of 10 depositions. The parties agree to confer in good faith regarding the number, scope, and sequencing of depositions and, if necessary, to seek leave of Court consistent with the Federal Rules of Civil Procedure.

    **f.** Fed. R. Civ. P. 26(f)(3)(F).

The parties anticipate that discovery in this case will involve confidential, medical, mental health, and educational records and agree that such materials should be governed by an appropriate protective order. The parties further acknowledge that discovery involving records of non-party students may implicate

privacy protections under applicable law, including FERPA and HIPAA, and agree to confer regarding appropriate safeguards should such issues arise.

## VIII. Claims of Privilege or Protection

The parties request that the Court enter an order pursuant to Federal Rule of Evidence 502(d) to address any issues related to the inadvertent disclosure of privileged or protected materials.

    **a.** <u>Federal Rule of Evidence 502 Privilege Protections</u>. The parties agree that the inadvertent production of documents or information subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege shall not constitute a waiver of such privilege or protection in this or any other proceeding. The parties further agree to meet and confer in good faith regarding appropriate procedures to address any such issues should they arise during discovery.

## IX. Any other matter affecting the just, speedy, or inexpensive determination of the case that the court should consider in setting the schedule.

At this time, the parties do not identify any additional matters. The parties anticipate that the scope and sequencing of discovery may be refined following resolution of the pending motion to dismiss and entry of a scheduling order.

[SPACE LEFT INTENTIONALLY BLANK – SIGNATURE BLOCKS TO FOLLOW]

Dated: January 22, 2026.

*Electronically Signed by Anne M. Bensky*
Anne M. Bensky, WI Bar # 1069210
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Direct Tel: (608) 807-5276
Fax: (608) 260-0058
Anne.Bensky@JacksonLewis.com

*Attorneys for Defendant The Board of Regents of The University of Wisconsin Systems, Justin Doherty and Marisa Moseley*

**DOLAN LAW OFFICES, P.C.**

*Electronically Signed by Martin A. Dolan*
Martin A. Dolan
10 South LaSalle Street, Suite 3702
Chicago, Illinois 60603
(312)676-7600
mdolan@dolanlegal.com

**FUHRMAN & DODGE, S.C.**

*Electronically Signed by Noe J. Rincon*
Noe J. Rincon
State Bar No. 1124893
Christopher J. Dodge
State Bar No. 1011530
Jeanne M. Armstrong
State Bar No. 1021451
Fuhrman & Dodge S.C.
6405 Century Ave. Ste. 101
Middleton, WI 53562
Phone: 608-327-4200
nrincon@fuhrmandodge.com
cdodge@fuhrmandodge.com
jarmstrong@fuhrmandodge.com

*Counsel for Plaintiffs*

4913-5287-8473, v. 1